# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **ROBERTINE T. MOORE** | * | **CIVIL ACTION NO. 10-1380** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Currently before the court is a motion for appointment of counsel [doc. # 3] filed by *pro se* plaintiff Robertine T. Moore.[1] By this motion, plaintiff seeks to have the court appoint counsel to assist her in the above-captioned social security case.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405. Thus, the court must look to the more general authority of 28 U.S.C. §1915(e)(1) to consider plaintiff's request for court-appointed counsel. Section 1915(e)(1) provides that in *in forma pauperis* proceedings, the "court may request an attorney to represent any person unable to afford counsel." This provision does not, however, empower federal courts to make compulsory appointments. *Mallard v. United States District Court for the Southern District*, 109 S.Ct. 1814 (1989). Further, such requests are generally only made where 'exceptional circumstances' are present. *See Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982); and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Cir. 1989).

    While no precise definition of "exceptional circumstances" is available, the courts often consider the following factors when determining whether to appoint counsel:

1.     the type and complexity of the case;

2.     the petitioner's ability to adequately present and investigate her case;

3.     the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination;

4.     the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*See, Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, (citations omitted), and *Jackson,* 864 F.2d. at 1242. Additionally, the court can consider whether the plaintiff has demonstrated the inability to secure private counsel on her own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

    Applying the foregoing factors, the court observes that the instant case is a social security appeal, which by nature is not unduly complex. The matter will be decided by the court upon the existing administrative record and after consideration of the parties' arguments as presented in written memoranda. Thus, skill in the presentation of evidence and in cross-examination is not required. Moreover, because these matters are decided on the existing record and written briefs, a trial will not be held.

    In her motion, plaintiff stated that she contacted but one prospective attorney. Accordingly, the undersigned cannot conclude that plaintiff diligently endeavored to obtain counsel. Indeed, most plaintiffs in social security cases experience little difficulty in obtaining representation if they earnestly seek it. Upon request, the Social Security Administration generally provides the plaintiff with a list of attorneys in the area willing to take these types of cases.[2] Additionally, because the

---

    [2] One source of low or no-cost legal representation for the indigent is Legal Services of North Louisiana, Inc. Their telephone number is 318-222-7186. Plaintiff also may seek a lawyer

Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.,* provides for the recovery of attorney fees to a prevailing plaintiff, the attorney is assured of payment if the claim is successful.

For these reasons, the court finds that the motion for appointment of counsel should be denied at the present time as the plaintiff has not demonstrated "exceptional circumstances" which would warrant the appointment of counsel. Accordingly,

IT IS ORDERED that plaintiff's motion for appointment of counsel [doc. # 3] is hereby DENIED.

**Plaintiff is reminded that she is required to serve the government in accordance with Federal Rule of Civil Procedure 4(I).[3] The un-excused failure to perfect and file a return of service within 120 days after filing suit may result in dismissal of the case. LR. 41.3W; FRCP 4(m).**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of September 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

referral from Scotty Lowery, the 2010 President of the 4th Judicial Bar Association (Ouachita and Morehouse Parishes). His telephone number is 318-281-4913. Furthermore, the Shreveport Bar Association maintains a lawyer referral service to assist the public in obtaining legal services. Their contact number is 318-222-3643. The Shreveport Bar Association also maintains a webpage for its lawyer referral service: http://www.shreveportbar.com/lawyer.cfm. Finally, the National Organization of Social Security Claimants' Representatives maintains a lawyer referral service. Their number is 1-800-431-2804.

[3] A copy of the federal rules may be found on the court's website: http://www.uscourts.gov/rules/newrules4.html.