# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| ROBERTINE T. MOORE | * | CIVIL ACTION NO.  10-1380 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a converted motion for summary judgment [doc. # 13], Fed.R.Civ.P. 56, filed by defendant Commissioner of Social Security.  *See* June 28, 2001, Order [doc. # 19].  For reasons assigned below, it is recommended that the motion be GRANTED, and that plaintiff's complaint be DISMISSED, with prejudice, as time-barred.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id*.

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must

_____

[1] I.e., beyond doubt.

affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

### Discussion

The instant pro se complaint seeks review of an unfavorable decision issued by the Commissioner of the Social Security Administration regarding plaintiff's July 11, 2008, application for Supplemental Security Income payments, 42 U.S.C. § 405(g).  *See* Complaint; Notice of Decision – Unfavorable, MSJ, Exh.  "Generally, a claimant has sixty days to seek judicial review of the Commissioner's final decision. This period runs from the date the claimant received notification of the decision.  There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant."  *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (citations omitted).

Here, the administrative process was completed, and a "final decision" rendered by the Commissioner on June 24, 2010.  20 C.F.R. § 416.1400; Notice of Appeals Council Action, MSJ, Exh.  At that time, the Commissioner sent a "Notice of Appeals Council Action" to plaintiff at 152 Peevy Rd, Choudrant, LA 71227,[2] as well as a copy to her representative.  *Id.*; Declaration of Donald V. Ortiz, MSJ, Exh.  Plaintiff is presumed to have received the decision five days after the decision was sent (*i.e.* by June 29, 2010 or July 1, 2010, if the intervening weekend is excluded).  *See Kinash, supra*.

The Notice advised plaintiff of her right to file a civil action within 60 days after receipt of the letter.  (Notice of Appeals Council Action, Def. Exh.).  The Notice further stated that if plaintiff needed more than 60 days to seek court review, she could ask the Appeals Council to extend her time to file suit.  *Id*.

---

[2]  Plaintiff lists the same address in connection with the instant complaint.

3

Plaintiff does not contest that she received the notice.  Nonetheless, she did not file suit until September 2, 2010, – 63 days after she presumptively received the Commissioner's decision.  Further, there is no evidence that plaintiff timely requested an extension of time to file a civil action.  (Ortiz Decl.; MSJ, Exh.).

In her opposition to the pending motion, plaintiff alleges that she did not have counsel to assist her with the preparation of her suit, and that the Clerk of Court advised her that she had time to continue processing her complaint.  (Pl. Opposition).  Plaintiff further alleges that her alleged disability causes her body to deteriorate and that she takes Fragmin for this condition, which causes undisclosed side effects.  *Id*.

The Fifth Circuit has recognized that in "appropriate situations," a plaintiff can invoke the doctrine of equitable tolling.  *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991).  However, the cases where tolling is appropriate are rare, and the equities in favor of tolling must be "so great that deference to the agency's judgment is inappropriate."  *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citations and internal quotation marks omitted).  Two instances where the Fifth Circuit indicated that equitable tolling might be appropriate are when the plaintiff was prejudiced by the Commissioner's lack of notice to her attorney or when the Commissioner violated his own regulations by failing to timely send notice to the claimant's attorney.  *Flores, supra*.  Bare allegations that the limitations period should be excused because of the plaintiff's impairment do not suffice.  *See Barrs, supra*.

Here, the reasons proffered by plaintiff to excuse her facially untimely complaint do not satisfy the rare circumstances and equities necessary to support equitable tolling.  Every pro se plaintiff faces the same deadline to seek judicial review of an adverse final decision by the Commissioner.  To the extent that plaintiff contends that the Clerk of Court incorrectly advised

her that she had additional time to file suit, she has not supported this allegation with competent summary judgment evidence – despite having been afforded an opportunity to do so.  *See* June 28, 2011, Order.  Even had she done so, plaintiff has not demonstrated a reasonable belief that the Clerk of Court enjoys the authority to interpret or extend filing deadlines.  Finally, plaintiff has not established how her impairments uniquely prevented her from timely filing suit.  Again, every pro se plaintiff who appeals an unfavorable disability decision is suffering from an impairment(s) that he or she considers disabling.

<u>**Conclusion**</u>

The court emphasizes that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on [her] allegations . . . without any significant probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted).  Furthermore, "a district court has no obligation to provide a pro se litigant with particularized instructions on the requirements and consequences of summary judgment."  *Stingley v. Den-Mar, Inc.*, 347 Fed. Appx. 14, 20 (5th Cir. Sept. 1, 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 1888 (2010) (unpubl.) (citation omitted).

In the case *sub judice*, the undersigned finds that there are no disputed issues of material fact, and that the Commissioner is entitled to judgment as a matter of law, dismissing plaintiff's complaint as time-barred.  Fed.R.Civ.P. 56.  Accordingly,

**IT IS RECOMMENDED** that the converted motion for summary judgment [doc. # 13] filed by defendant Michael J. Astrue, Commissioner, Social Security Administration be **GRANTED**, and that judgment be entered in favor of said defendant dismissing with prejudice plaintiff's complaint as time-barred.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

> **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 18th day of July 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE